UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Rudolph Betancourt, Individually,  :
                                    :
            Plaintiff,              :   Case No. 1:16-cv-1423
v.                                  :
                                    :
CADILAKE RESORT IV LLC., a Michigan :
Limited Liability Company,          :
                                    :
                                    :
            Defendant.              :
_____/:
                                    :

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, RUDOLPH BETANCOURT, Individually, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sues the Defendant, CADILAKE RESORT IV LLC., a Michigan limited liability company for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm and who resided in Flint, Michigan at the time he most recently visited the property.

2. Defendant, CADILAKE RESORT IV LLC., owns property commonly known as the Hampton Inn and is located at 1650 S Mitchell St, Cadillac, MI 49601 in Wexford County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Western District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property and business is located in

and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff is a United States Marine Corps veteran and leg amputee and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  On August 8th, 2016 and other previous occasions, Plaintiff was an overnight guest on the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

7. Plaintiff Rudolph Betancourt travels all over Western Michigan with his family and was in the area most recently to visit Mitchell State Park.  Cadillac Lake is a frequent destination for Mr. Betancourt and his family.  During the Plaintiff's overnight stay, he encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use

the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a hotel guest and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a hotel known as the Hampton Inn located at 1650 S Mitchell St, Cadillac, MI 49601 in Wexford County.

10. RUDOLPH BETANCOURT has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. RUDOLPH BETANCOURT desires to visit the hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12.  The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the hotel has shown that violations exist. These violations include, but are not limited to:

Parking and Accessible Routes

   A. Access aisles at designated accessible parking spaces do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

   B. There is no accessible route from the designated accessible parking to the entrance due to non-compliant curb cuts, in violation of the ADA, whose remedy is readily achievable.

   C. There is insufficient clearance to access existing curb ramps due to faulty design and the ability of vehicles to park in the designated accessible parking space located perpendicular to the ramp and black all access to use the ramp, in violation of the ADA whose remedy is readily achievable.

Mobility Accessible Guest Rooms

   D. The designated accessible guestroom entry door contains a peephole and posted information exceeding the allowable height, in violation of the ADA whose remedy is readily achievable.

   E. There are room amenities, including the closet rack, clothing hangers and laundry bags, mounted in excess of accessible reach range, in violation of the ADA whose remedy is readily achievable.

   F. The curtain adjuster is mounted in excess of allowable reach range and requires tight clasping or twisting, in violation of the ADA whose remedy is readily achievable.

   G. The flush control on the water closet is not mounted on the open side, in violation of the ADA whose remedy is readily achievable.

   H. The toilet paper dispenser is not mounted in compliance with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

   I. There is insufficient maneuvering clearance around the water closet and the water closet is located too far from the side wall to the centerline of the unit, in violation of the ADA whose remedy is readily achievable.

   J. The lavatory does not have required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

    K.  There is no fixed shower seat for the roll-in shower as required by section 610.3 of the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

    L.  There is insufficient latch side clearance for to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

    M.  The locking latch on the entrance door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    N.  Thermostat control cover requires tight-clasping or twisting, in violation of the ADA whose remedy is readily achievable.

    O.  There are mobility designated accessible guestrooms with water closets that have missing, noncompliant or no side or rear grab bars, in violation of the ADA whose remedy is readily achievable.

    P.  The light switch is mounted in excess of allowable reach range in violation of the ADA whose reedy is readily achievable.

<u>Lobby Restroom</u>

    Q.  The restroom signage is non-compliant and improperly mounted, in violation of the ADA whose remedy is readily achievable.

    R.  The toilet paper dispenser is not mounted in compliance with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

    S.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

13.  The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the

ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The Hampton Inn, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff

requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

19. Plaintiff restates the allegations of ¶¶ 1 - 1 8 as if fully rewritten here.

20. The Hampton Inn and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the Plaintiff expressed his concerns about his stay while a guest on site and about the conditions of his accommodations to Jason Day who was the manager on duty. In addition to accessibility concerns he also voiced displeasure about the cleanliness of the accommodations, cars blocking the access ramps, no television service during his night's stay, and overall had a terrible night.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
valeriefatica@gmail.com